UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHN R. ALLISON,

    Petitioner,

vs.            Case No. 2:12-cv-11-FtM-29DNF

SECRETARY, DOC and FLORIDA ATTORNEY
GENERAL,

    Respondents.
_____

**ORDER**

  This matter comes before the Court upon review of Petitioner's Motion for Stay and Abeyance (Doc. #19, Motion). Pursuant to the Court's Order (Doc. #23), Respondent filed a Response in Opposition to the Motion (Doc. #24, Response).

  On December 2, 2011, Petitioner initiated this action by filing a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1, Petition) challenging his 2009 plea-based judgment of conviction for trafficking in illegal drugs, namely oxycodone, contrary to Fla. Stat. § 893.135(1)(c) and 777, entered in the Twentieth Judicial Circuit Court, Collier County, Florida. See generally Petition. Petitioner files the instant Motion seeking a stay of his Petition based on Shelton v. Sec'y Dep't of Corr., Case No. 6:07-cv-839-Orl-35KRS, 802 F. Supp. 2d 1289 (M.D. Fla. July 27, 2011).[1] Motion at 1. Petitioner submits that, in

---

[1]The undersigned notes that another Judge in the Middle District of Florida has concluded that, contrary to Shelton, the
(continued...)

light of Shelton, his conviction is based on an "unconstitutional statute." Id.

Respondent opposes Petitioner's Motion on a number of grounds. See generally Response. First, Respondent submits that application of Shelton is foreclosed by the non-retroactivity doctrine. Id. at 2-3. Next, Respondent points out that Petitioner's claim based on the Shelton decision is unexhausted, and arguably would now be procedurally barred in the State court. Id. at 3-9. Finally, Respondent argues that Petitioner has not made any showing that he is entitled to a stay and abeyance. Id. at 9-11.

Under federal habeas law, an application for a writ of habeas corpus generally may be amended or supplemented as provided in the rules of procedure applicable to civil actions. 28 U.S.C. § 2242; Fed. R. Civ. P. 81(a)(2); see also Rule 11, Rules Governing § 2254 Cases (providing that the Federal Rules of Civil Procedure may be applied when appropriate and "when not inconsistent with these rules."); Williams v. Chatman, 510 F.3d 1290, 1293 (11th Cir. 2007)(stating Federal Rules of Civil Procedure apply to habeas proceedings, to the extent they are not inconsistent with the statutes that govern habeas proceedings). Federal Rule of Civil

---

¹(...continued)
2002 amendment to Fla. Stat. § 893.13 "does not result in a facially unconstitutional statute." United States v. Bunton, Case No. 8:10-cr-327-T-30-EAJ, 2011 WL 5080307 (M.D. Fla. Oct. 26, 2011). Nonetheless, Shelton is currently on appeal and oral argument is scheduled for May 10, 2012. Shelton v. Sec'y, Fla. Dep't of Corr., No. 11-13515-GG (11th Cir. 2011).

Procedure 15 governs amended pleadings in civil cases and Rule 15 provides in relevant part:

> **(a) Amendments Before Trial.**
>
> > **(1) Amended as a matter of course.** A party may amend its pleading once as a matter of course within:
> >
> > > **(A)** 21 days after serving it, or
> > >
> > > **(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under rule 12(b),(e), or (f), whichever is earlier.
> >
> > **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.
> > . . . .
>
> **(c) Relation Back of Amendments.**
>
> > **(1) When an Amendment Relates Back.** An amendment to a pleading relates back to the date of the original pleading when:
> >
> > > **(A)** the law that provides the applicable statute of limitations allows relation back;
> > >
> > > **(B)** the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading; . . .

Fed. R. Civ. P. 15(a), (c).

In the instant matter, Respondent has filed a response to the Petition (Doc. #20). Consequently, Petitioner may only amend his Petition by Respondent's stipulation, or with a leave of court "when justice so requires." Fed. R. Civ. P. 15(a)(2). While leave to amend should be freely granted, the Court may deny leave to amend if the proposed amendment would unduly delay the proceedings, unduly prejudice the defendant, or constitute an exercise of futility. Forman v. Davis, 371 U.S. 178, 182 (1962); Maynard v. Bd. of Regents of Div. of Univs. of Fla. Dep't of Educ., 342 F.3d 1281, 1287 (11th Cir. 2003). The Eleventh Circuit adheres to this standard in habeas cases. Moore v. Balkcom, 716 F.2d 1511, 1526-27 (11th Cir. 1983).

Here, the Court will deny Petitioner's Motion to Amend as an exercise in futility. Petitioner acknowledges that he has not exhausted his Shelton claim before the State courts. See generally Motion. Only claims that have been exhausted can be raised in a § 2254 Petition. See Rose v. Lundy, 455 U.S. 509, 518 (2004)(quoting Duckworth v. Serrano, 454 U.S. 1, 3 (1981)). To allow Petitioner to amend his Petition to include an unexhausted claim would create a mixed petition, which the Lundy court warned against. At this point, it remains unclear whether Petitioner can even exhaust his Shelton claim before the State court, or whether the claim would now be procedurally defaulted, which may turn on the Florida Supreme Court's decision in State v. Adkins, Case No. SC11-1878, 71

So.3d 117 (Fla. 2011). Nevertheless, the Court will not permit Petitioner to amend his pending Petition to include an unexhausted claim. Petitioner must first attempt to exhaust his <u>Shelton</u> claim before the Florida courts.

ACCORDINGLY, it is hereby

**ORDERED:**

Petitioner's Motion for Stay and Abeyance (Doc. #19) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida, on this   2nd   day of May, 2012.

_____
JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record