UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHN R. ALLISON,

        Petitioner,

v.                              Case No: 2:12-cv-11-FtM-29DNF

SECRETARY, DOC and FLORIDA
ATTORNEY GENERAL,

        Respondents.

---

## OPINION AND ORDER

This matter comes before the Court on John R. Allison's ("Petitioner's") petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1, filed December 2, 2011). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted (Doc. 12). Thereafter, Respondents filed a response to the petition in compliance with this Court's instructions and with the Rules Governing Section 2254 Cases in the United States District Courts (Doc. 20). Petitioner filed a reply to the response (Doc. 26).

Petitioner raises one claim for relief in his petition. He alleges that the state court did not have jurisdiction to convict or sentence him because the officer administering the oath on his charging affidavit was not a certified licensed notary (Doc. 1 at 6).

Because this Court can adequately assess Petitioner's claim without further factual development, an evidentiary hearing will not be conducted. <u>Turner v. Crosby</u>, 339 F.3d 1247, 1275 (11th Cir. 2003).  Upon due consideration of the petition, the response, the reply, and the state-court record, this Court concludes that Petitioner's claim must be denied.

I.   **Background and Procedural History**

On May 28, 2009, Petitioner was charged by information in case number 09-1241CF with one count of trafficking in oxycodone in violation of Florida Statute §§ 893.135(1)(c) and 777.011 (Ex. 1).[1]  On June 11, 2009, Petitioner was charged by information with a separate count of trafficking in oxycodone in case number 09-1398CF (Ex. 3).  Petitioner pleaded no contest to the charges in both cases (Ex. 2: Ex. 4).  On October 12, 2009, Petitioner was sentenced to concurrent terms of five years in prison. <u>Id.</u>

On April 30, 2010, Petitioner filed a *pro se* petition for writ of habeas corpus in state court (Ex. 5).  The petition was eventually construed as a motion filed pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure and denied by the post-conviction court (Ex. 7).  Florida's Second District Court of Appeal *per curiam* affirmed (Ex. 11).

---

[1] Unless otherwise noted, references to exhibits (Ex. ___ at ___) are to those filed by Respondents on April 12, 2012 (Doc. 22)

Petitioner filed a motion to set aside the judgment under Rule 1.540(b) of the Florida Rules of Civil Procedure arguing that the oath in the probable cause affidavit was invalid (Ex. 12). The state circuit court denied the motion, finding that Petitioner's plea of no contest waived any formal defect in the proceeding (Ex. 13). Florida's Second District Court of Appeal *per curiam* affirmed (Ex. 15).

Subsequently, Petitioner filed a second petition for writ of habeas corpus arguing that Florida Statute § 893.13 was unconstitutional (Ex. 16). The state court, construing the habeas petition as a post-conviction motion filed under Rule 3.800(a) of the Florida Rules of Criminal Procedure, denied the claim (Ex. 18).

## II. **Governing Legal Principles**

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the

merits which warrants deference.   Ferguson v. Culliver, 527 F.3d 1144, 1146 (11th Cir. 2008).

"Clearly established federal law" consists of the governing legal principles, rather than the dicta, set forth in the decisions of the United States Supreme Court at the time the state court issues its decision. Carey v. Musladin, 549 U.S. 70, 74 (2006) (citing Williams v. Taylor, 529 U.S. 362, 412 (2000)).  A decision is "contrary to" clearly established federal law if the state court either: (1) applied a rule that contradicts the governing law set forth by Supreme Court case law; or (2) reached a different result from the Supreme Court when faced with materially indistinguishable facts. Ward v. Hall, 592 F.3d 1144, 1155 (11th Cir. 2010); Mitchell v. Esparza, 540 U.S. 12, 16 (2003).

A state court decision involves an "unreasonable application" of the Supreme Court's precedents if the state court correctly identifies the governing legal principle, but applies it to the facts of the petitioner's case in an objectively unreasonable manner, Brown v. Payton, 544 U.S. 133, 134 (2005); Bottoson v. Moore, 234 F.3d 526, 531 (11th Cir. 2000) or, "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Bottoson, 234 F.3d at 531 (quoting Williams, 529 U.S. at 406).  The unreasonable application inquiry

"requires the state court decision to be more than incorrect or erroneous," rather, it must be "objectively unreasonable." Lockyer v. Andrade, 538 U.S. 63, 75-77 (2003) (citation omitted); Mitchell, 540 U.S. at 17-18; Ward, 592 F.3d at 1155.

Finally, the Supreme Court has clarified that: "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding[.]" Miller-El v. Cockrell, 537 U.S. 322, 340 (2003) (dictum). When reviewing a claim under § 2254(d), a federal court must bear in mind that any "determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see, e.g., Miller-El, 537 U.S. at 340 (explaining that a federal court can disagree with a state court's factual finding and, when guided by AEDPA, "conclude the decision was unreasonable or that the factual premise was incorrect by clear and convincing evidence").

## III. Analysis

Petitioner claims that the trial court lacked subject matter jurisdiction to impose the judgments and sentences in his cases because the probable cause charging affidavits utilized by the state attorney to file the formal charging informations were

defective and invalid under Florida Statute § 92.50 (Doc. 1 at 6).[2]
Specifically, Petitioner asserts that in each case "the officer
administering the oath was neither duly authorized to administer
the oath, nor a certified licensed notary." Id.  Petitioner argues
that this deficiency denied him of "Due Process, Equal Protection,
and a fair and impartial trial." Id. at 10.

Petitioner raised this issue in his first habeas petition,
and it was construed as a motion made pursuant to Rule 3.800(a) of
the Florida Rules of Criminal Procedure (Ex. 5).  The post-
conviction court denied the claim because it concluded that, under
Florida law, the probable cause affidavit was properly signed and
was therefore valid (Ex. 7).  The post-conviction court also
concluded that Petitioner had waived all defects in the probable
cause affidavit by pleading no contest to the charges against him.
(Ex. 7 at 2).

The limited inquiry under the AEDPA is whether the state
court's decision to reject Petitioner's claim was contrary to, or
involved an unreasonable application of, clearly established
Federal law or was based upon an unreasonable determination of the
facts in light of the evidence presented in the state court

---

[2] Section 92.50(1) provides that "[o]aths, affidavits, and
acknowledgments required or authorized under the laws of this state
... may be taken or administered by or before any judge, clerk, or
deputy clerk of any court of record within this state, including
federal courts, or before any United States commissioner or any
notary public within this state."  Fla. Stat. § 92.50(1) (2013).

proceedings. 28 U.S.C. § 2254(d). Petitioner has not made either of these threshold showings.

In general, subject matter jurisdiction relates to a court's statutory or constitutional power to adjudicate a case.  United States v. Cotton, 535 U.S. 625, 630 (2002).  The Court accepts the proposition that it would violate a person's federal due process rights to be convicted and incarcerated by a state court which lacked subject matter jurisdiction over the person's case. E.g., Pennoyer v. Neff, 95 U.S. 714, 24 L. Ed. 565 (1877)("To give such proceedings any validity, there must be a tribunal competent by its constitution—that is, by the law of its creation—to pass upon the subject-matter of the suit; . . .")(overruled in part on other grounds in Shaffer v. Heitner, 433 U.S. 186 (1977).

"[D]efects in subject-matter jurisdiction require correction regardless of whether the error was raised in district court." Cotton, 535 U.S. at 630.  The lack of subject matter jurisdiction "can never be waived by parties to litigation." United States v. Peter, 310 F.3d 709, 712 (11th Cir. 2002)(citing Louisville & Nashville Railroad Co. v. Mottley, 211 U.S. 149, 152 (1980)). Thus, a guilty plea does not waive a subject matter jurisdiction issue.  United States v. De La Garza, 516 F.3d 1266, 1271 (11th Cir. 2008); United States v. Bell, 22 F.3d 274, 275 (11th Cir. 1994).  Similarly under Florida law, "[j]urisdiction is the very power of the state to exert the influence of its courts over a

criminal defendant, and it cannot be waived." Lane v. State, 388
So.2d 1022, 1026 (Fla. 1980). See also Stapler v. State, 939 So.
2d 1092, 1094 n.2 (Fla. 5th DCA 2006)("if the defect concerns
subject matter jurisdiction, it cannot be waived, but may be raised
at any time.")

The state court specifically determined that the Collier
County employees who signed the probable cause affidavits were
authorized to administer oaths (Ex. 7). This is a finding of fact
that Petitioner has failed to rebut by clear and convincing
evidence. See 28 U.S.C. § 2254(e) (holding that in habeas
proceedings, "a determination of a factual issue made by a State
court shall be presumed to be correct" and that a petitioner has
the "burden of rebutting the presumption of correctness by clear
and convincing evidence"). Even if factually incorrect, however,
and the employee did not have such authority, there was still no
lack of subject matter jurisdiction under Florida law. Holley v.
State, 128 So. 3d 111, 113-14 (Fla. 4th DCA 2013).

In Florida, "[t]he judicial power shall be vested in a supreme
court, district courts of appeal, circuit courts and county
courts." Const. art. V, §1. "No person shall be tried for . . .
other felony without . . . [an] information under oath filed by
the prosecuting officer of the court. . . ." Art. 1, § 15(a).
"The general rule ... is that jurisdiction is to be determined
solely from the face of the information." Black v. State, 819 So.

2d 208, 211 (Fla. 1st DCA 2002)(citing McLean v. State, 23 Fla. 281, 2 So. 5 (1887) and six Florida appellate decisions). Under Florida law, an affidavit for criminal information is "fundamentally defective only where it totally omits an essential element of the crime or is so vague, indistinct or indefinite that the defendant is misled or exposed to double jeopardy." Chadwick v. State, 118 So. 3d 827, 830 (Fla. 2d DCA 2012)(quoting Smartmays v. State, 901 So. 2d 278, 280 (Fla. 5th DCA 2005)). Technical violations such as an improper oath does not deprive a state trial court of jurisdiction. Holley, 128 So. 3d at 113-14.

The Due Process Clause of the Fourteenth Amendment requires that whatever charging method the state chooses to employ, it must give the criminal defendant fair notice of the charge against him to permit adequate preparation of his defense. Jackson v. Virginia, 443 U.S. 307, 314 (1979); Faretta v. California, 422 U.S. 806, 818 (1975). However, "[t]he sufficiency of a state indictment is an issue on federal habeas corpus only if the indictment was so deficient that the convicting court was deprived of jurisdiction." Heath v. Jones, 863 F.2d 815, 821 (11th Cir. 1989) (citing DeBenedictis v. Wainwright, 674 F.2d 841, 842-43 (11th Cir. 1982)). The standard for determining the sufficiency of an indictment is based upon practical, not technical considerations. United States v. Chaney, 964 F.2d 437, 446 (5th Cir. 1992). The test involves

minimal constitutional standards, not whether a better indictment could have been written. Id.

Both informations filed against Petitioner substantially alleged the essential elements of the crimes charged. The informations stated that Petitioner "did unlawfully and knowingly sell, manufacture, deliver, or possess, either constructively or actually, a controlled substance, to-wit: 4 grams or more of oxycodone or of any mixture containing oxycodone, contrary to Florida Statute 893.135(1)(c) and 777.011." (Ex. 1; Ex. 3).[3] Petitioner does not assert that any information in the charging affidavits utilized by the state attorney to file the informations was false – only that the officer who administered the oaths to the signers of the affidavits was "neither duly authorized to

---

[3] Florida Statute § 893.135(c) states in pertinent part:

> Any person who knowingly in actual or constructive possession of, 4 grams or more of any morphine, opium, oxycodone, hydromorphone, or any salt, derivative, isomer, or salt of an isomer thereof, including heroin, as described in s. 893.03(1)(b), (2)(a), (3)(c)3., or (3)(c)4., or 4 grams or more of any mixture containing any such substance, but less than 30 kilograms of such substance or mixture, commits a felony of the first degree, which felony shall be known as "trafficking in illegal drugs," punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

(2009).

administer the oath, nor a certified licensed notary." (Doc. 1 at 6.) Petitioner fails to demonstrate that the informations filed as a result of the charging affidavits were so defective that they failed to provide him with sufficient notice of the charges against him or deprived him of an opportunity to adequately prepare a defense. Therefore, "the state trial court was not deprived of jurisdiction." Heath, 863 F.2d at 821.

Petitioner makes the conclusory argument that the state courts denied Petitioner his "procedural rights as supplied by Petitioner to those courts via substantive law." (Doc. 1 at 9). In support of his argument, Petitioner cites to Rule 9.141(b)(2)(D) of the Florida Rules of Appellate Procedure and appears to assert that the Second District Court of Appeal erred by failing to grant him an evidentiary hearing on this claim. Id. To the extent Petitioner relies on a state-law argument to support his claim, this Court does not have subject matter jurisdiction to address it. See Estelle v. McGuire, 502 U.S. 62 (1991)(federal habeas corpus relief does not lie for errors of state law). Federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension. Wainwright v. Goode, 464 U.S. 78 (1983).

Because Petitioner has failed to make the requisite showings under 28 U.S.C. § 2254(d), his claim is denied. Any of

Petitioner's allegations not specifically addressed herein have been found to be without merit.

## IV.  **Certificate of Appealability**

Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a certificate of appealability ("COA").  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further[,]'" Miller-El, 537 U.S. at 335–36. Petitioner has not made the requisite showing in these circumstances.

Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis.*

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.  The claim raised in John R. Allison's 28 U.S.C. § 2254 petition is **DENIED**.

2.  Petitioner is **DENIED** a Certificate of Appealability.

3.    The Clerk of the Court is directed to terminate all pending motions, enter judgment accordingly, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on this ___19th___ day of May, 2014.

_____

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies: John R. Allison
Counsel of record